E-FILED
Wednesday, 13 January, 2010  10:04:28 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jolyn McDonald, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 05-4056 |
| | ) | |
| Best Buy Company, Inc., | ) | |
|     Defendant | ) | |

### ORDER

Now before the Court is the plaintiff's motion in limine (#48). The motion is fully briefed, and the arguments of the parties have been carefully considered. As explained below, the motion is granted in part and denied in part.

### PLAINTIFF'S MOTION IN LIMINE

Plaintiff asks the court to bar testimony from Defendant's expert witness[1] on damages, Dr. George R. Neumann, on the grounds that his opinions and conclusions are inadmissible under Rules 403 and 702 of the Federal Rules of Evidence.

Dr. Neumann's credentials are impeccable; he holds the George Daly Chair as Professor of Economics and of Applied Mathematical and Computational Sciences at the University of Iowa. Those credentials, along with his specialty - the study of labor markets - and his history - testifying as an expert in employment discrimination and wrongful termination cases - provide the requisite confidence in his ability and his methodology.

---

[1] The court presumes that the initial reference to this witness as "Plaintiff's proposed expert witness" (Motion in Limine, p.1 line 3) is a typographical error and that Dr. Neumann is in fact Defendant's proposed expert witness.

However, Plaintiff argues that all of Dr. Neumann's opinions relate to questions of front and back pay, questions that may not be put to the jury. Plaintiff is correct on the law regarding these remedies. The question of back pay is an equitable question to be resolved by the court, nota factual question to be resolved by the jury. 42 U.S.C. § 2000e-5(g); See, Albemarle Paper Co. v. Moody, 422 U.S. 405, 415 (1975); Landgraf v. USI Film Prods., 511 U.S. 244, 252 (1994). See, Doe v. Oberweis Dairy, 456 F.3d 704, 714 (7th Cir. 2006)( stating in *dicta* that "back pay is an equitable remedy."). The same is true for front pay, which is an alternative to the traditional equitable remedy of reinstatement. Hildebrandt v. Ill.Dept of Natural Resources, 347 F.3d 1014, 1031, n.12 (7th Cir. 2003); Squires v. Bonser, 54 F.3d 168, 176 (3d Cir.1995).

In addition to front pay and back pay, the only other monetary relief sought by plaintiff is statutory liquidated damages, which is also an issue for the Court. Under the ADEA, the jury determines whether the defendant's conduct was wilful. If so, liquidated damages in the amount of double the back pay award are payable. 29 U.S.C. § 626 (b). See, Burger v. Internat'l Union of Elevator Constructors Local No. 2, 498 F.3d 750, 754 (7th Cir. 2007); Applebaum v. Milwaukee Metropolitan Sewerage Dist., 340 F.3d 573, 581 (7th Cir. 2003).

Dr. Neumann's testimony is confined entirely to the subject of damages. Because all damages issues are issues for the Court, he may not testify in front of the jury. Of course, this same limitation holds for the testimony of Plaintiff's expert on damages as well.

Plaintiff also argues that Dr. Neumann's testimony must be barred under Fed.R.Evid. 403, because any probative value is substantially outweighed by a propensity to confuse the issues or mislead the jury. To the extent that this argument is focused solely his testifying before the jury, I agree. These are not issues for the jury, so inclusion of testimony on these questions will

2

undoubtedly be misleading. That is not to say that his report has no bearing in this case, however. This Court will consider both parties' expert reports on damages when crafting its Order on equitable relief.

## CONCLUSION

Dr. Neumann may not testify before the jury. To that extent, Plaintiff's motion is GRANTED.

ENTERED ON January 13, 2010

                                         s/ John A. Gorman

                                   JOHN A. GORMAN
                        UNITED STATES MAGISTRATE JUDGE