**E-FILED**
Wednesday, 13 January, 2010 10:06:46 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jolyn McDonald, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 05-4056 |
| | ) | |
| Best Buy Company, Inc., | ) | |
|     Defendant | ) | |

**ORDER**

Now before the Court is Defendant's motion in limine (#40). The motion is fully briefed, and the arguments of the parties have been carefully considered. The motion consists of seven parts. Plaintiff has responded to only one part, and the time for response has passed. The Court therefore presumes no opposition to the remaining issues, and this Order follows with no further notice to the parties. See CDIL-LR7.1

Each part of the motion is addressed separately below. As explained, the motion is GRANTED IN PART AND DENIED IN PART.

**BEST BUY'S FINANCIAL SIZE OR CONDITION**

The only possible relevance of Best Buy's financial condition would be for assessment of punitive damages. Punitive damages are not available under the ADEA. Franzoni v. Hartmarx Corp., 300 F.3d 767, 773 (7th Cir. 2002). Accordingly, this motion in limine is GRANTED.

**STRAY REMARKS BY NON-DECISION MAKERS**

Plaintiff's manager at Best Buy was Edward Stald, and it is he that Plaintiff claims initiated the adverse employment action against her. She has also adduced during discovery several age related remarks that may have been made by other Best Buy Managers (former General managers Chad Rainwater, Steve Patton, and Robert Boyer).

As a general rule, stray remarks by non-decision makers are irrelevant and not admissible. Schreiner v. Caterpillar Inc., 250 F.3d 1096, 1099 (7th Cir. 2001); Gorence v. Eagle Food Centers, Inc., 242 F.3d 759, 762 (7th Cir. 2001). In the case before the Court, however, the identity of the decision maker[s] is not crystal clear. Ruling on this question must await trial and establishment of just who the decision maker was. For the time being, the motion is denied.

**EDWARD STALD'S ALLEGED COMMENT ABOUT "CLEAN SLATE"**

Edward Stald was brought in as the General Manager shortly after Best Buy went to a new "business model" at some point in his initial days on this job, he stated that all employees would be given a "clean slate." Despite this statement, Plaintiff was not given a "clean slate." Instead, Stald placed Plaintiff on a PIP before he even began working at the same location and before he had had a chance to properly evaluate her.

Defendant asserts that this alleged comment tends neither to prove or disprove any fact of consequence to Plaintiff's claim of age discrimination. Even if Stald did not follow up on this comment with Plaintiff, neither the fact that he may have made the statement nor the fact that he did not afford Plaintiff a clean slate is evidence that Stald was motivated by any age related basis. This statement was characterized in the Order on summary judgment as "superfluous," and I see no reason to change that conclusion at this time. The statement provides no probative value.

The motion to bar testimony of Stald's statement that all employees would be given a clean slate is granted.

**EDWARD STALD'S ALLEGED PURCHASE OF A TV AND/OR REFRIGERATOR**

During discovery, Plaintiff testified that Stald purchased a television and a refrigerator that had been ordered for a Best Buy customer. Defendant asserts that this testimony is completely unrelated to her claim of age discrimination and that it is highly prejudicial without probative value.

I agree. Assuming for the sake of argument that Stald did do this, it might certainly demonstrate bad judgment. It does absolutely nothing, however, to show age-related bias or misconduct. Moreover, under Fed.R.Evid. 608, this type of character and conduct testimony is not admissible unless there has been a conviction of crime or unless it is probative of truthfulness or untruthfulness. This testimony falls into neither exception. It is not admissible.

The motion to bar this testimony is GRANTED.

**EDWARD STALD'S ALLEGED OFFER TO PLAINTIFF OF A STOOL TO SIT ON**

According to Plaintiff, regular employees are not allowed to sit during their shift. Nonetheless, on one occasion when she was working a 12 hour shift, Stald offered her a stool to sit on. Defendant asserts that this testimony is irrelevant and lacks probative value.

In the summary judgment Order, this evidence was characterized as "superfluous." The Order went on to comment that this "courteous gesture" does not mean that Stald had an "insidious discriminatory intent as a prelude to her later demotion." Those conclusions were drawn when the Court was considering direct evidence of discrimination. The Court went on to consider circumstantial evidence, finding sufficient circumstantial evidence to survive summary judgment.

I believe that this "courteous gesture" could, in the context of a circumstantial case, provide one more tile in the mosaic that Plaintiff must prove to succeed on her claim. While it offers not a lot of probative value, I see absolutely no prejudicial effect. I therefore clarify the earlier order and rule that testimony about this comment is admissible. The motion to bar is DENIED.

## PLAINTIFF'S CLAIM FOR FRONT PAY

Defendant asks for all testimony and evidence relating to front pay to be prohibited in front of the jury because front pay is an equitable remedy for the Court. This is a correct statement of the law. Following the jury trial on liability, the parties will, if necessary, be ordered to submit briefing on remedies in this case, all of which appear to be equitable in nature. The motion to bar this evidence and testimony is GRANTED.

## STEVE PATTON'S TERMINATION FROM BEST BUY

Plaintiff is a former customer service manager at Best Buy's store in Moline, Illinois. She alleges that Best Buy discriminated against her on the basis of age, forcing her to either accept a demotion or have her employment terminated. Best Buy had earlier[1] terminated the employment of its General Manager Steve Patton. Patton is listed as a witness on Defendant's witness list and as an adverse witness on Plaintiff's witness list. (Doc. #50).

Defendant asserts that Patton's termination of employment is wholly irrelevant to this litigation, because he was not a decisionmaker in the action taken against the Plaintiff. Plaintiff asserts that Patton will likely testify about the Plaintiff and that she is entitled to explore any basis for bias or prejudice. She is correct. That does not, however, mean that there will be a mini-trial regarding the termination of his employment. If the fact that Patton's employment was terminated can somehow be used by Plaintiff to show bias, then she will be allowed a brief inquiry into this matter.

Defendant also cites to a prior Order which it claims has already ruled on this question. In that Order, the Court stated: "Plaintiff acknowledges that Patton left Best Buy long before her

---

[1] Plaintiff was demoted in October 2004. Patton's termination occurred in July 2004.

demotion. Thus, he could not have been involved in her demotion and is not relevant to the inquiry before the Court." Defendant has taken this comment out of context. When the quoted statement was made, the Court was considering whether a stray remark Patton is said to have made was evidence in support of Plaintiff's case. The Order did not purport to rule on the admissibility of testimony about Patton's discharge. The motion to bar is therefore DENIED as stated herein.

## CONCLUSION

The Defendant's Motion in Limine is GRANTED IN PART AND DENIED IN PART, as stated herein.

ENTERED ON January 13, 2010

                                      s/ John A. Gorman

                                  JOHN A. GORMAN
                        UNITED STATES MAGISTRATE JUDGE